Insurance Commissioner
**ACCEPTED SOP**
JUL 26 2021
TIME: 2PM

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| KING COUNTY PUBLIC HOSPITAL DISTRICT NO. 1, dba EVERGREEN HEALTHCARE and PUBLIC HOSPITAL DISTRICT NO. 1 OF SNOHOMISH COUNTY, dba EVERGREENHEALTH MONROE, <br><br> Plaintiffs, <br><br> v. <br><br> IRONSHORE SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | NO. <br><br> COMPLAINT FOR DECLARATORY RELIEF |

Plaintiffs King County Public Hospital District No. 1, dba Evergreen Healthcare, and Public Hospital District No. 1 of Snohomish County, dba EvergreenHealth Monroe (collectively "Evergreen"), allege for their Complaint as follows:

## I. INTRODUCTION

1.1.    This is an insurance coverage action seeking declaratory relief. Evergreen seeks coverage under a "Site Pollution Incident Legal Liability Select – Healthcare Form" insurance policy ("Policy") issued by defendant Ironshore Specialty Insurance Company ("Ironshore").

COMPLAINT FOR DECLARATORY RELIEF - 1

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

1.2.     Evergreen has and continues to address the presence of the COVID-19 virus in its facilities. The Policy provides "Disinfection Event" coverage, including for "reasonable fees and costs incurred by the Insured to clean and disinfect a Covered Property after any Disinfection Event, provided that such fees and costs are incurred within thirty (30) days of discovery of the Disinfection Event."

1.3.     Evergreen tendered claims to Ironshore for Disinfection Event coverage. In response to Evergreen's claims, Ironshore has made the following statements:

- "[T]his matter appears to fall within the referenced coverage grants [for Disinfection Event Expenses]."

- "Based on the information presently available, Ironshore acknowledges that this incident could trigger Ironshore's coverage obligations under the Disinfection Event coverage part quoted above."

- "As such, we agree that coverage is likely triggered under the policy for Disinfection Expenses. Please be advised that we may potentially provide coverage for the reasonable fees and costs incurred by the Insured to clean and disinfect a Covered Property after any Disinfection Event, provided that such fees and costs are incurred within thirty (30) days of discovery of the Disinfection Event."

Ironshore has not, however, made any payments of Policy benefits to Evergreen.

1.4.     Evergreen is filing this lawsuit because there is an actual and justiciable controversy over coverage for Evergreen's insurance claims. Evergreen also seeks a declaration that the New York venue and choice of law clauses in the policy are void *ab initio*.

## II. PARTIES

2.1.     **Evergreen.** Plaintiffs are Washington public hospital districts with their respective places of business in King County and Snohomish County, Washington.

2.2.     **Ironshore.** Defendant is an Arizona corporation with a principal place of business in Boston, Massachusetts.

## III. JURISDICTION AND VENUE

3.1. **Jurisdiction.** This Court has subject matter jurisdiction under RCW 7.24.020 and RCW 2.08.010. It has personal jurisdiction because Ironshore conducts business in King County and because the actions and events giving rise to this cause of action occurred in King County.

3.2. **Venue.** Venue is proper under RCW 48.05.220, which provides: "Suits upon causes of action arising within this state against an insurer upon an insurance contract shall be brought in the county where the cause of action arose." It is also proper under RCW 4.12.025 as the Policy was sold in King County, Washington.

## IV. FACTUAL BACKGROUND

4.1. **The Policy.** Ironshore sold Policy No. 003823600 ("Policy") to Evergreen. The policy was delivered and issued for delivery in Washington. The Policy provides coverage, *inter alia*, for Disinfection Events occurring between October 1, 2018 and October 1, 2021.

4.2. **The Claim.** Evergreen tendered claims ("Claims") to Ironshore associated with a Disinfection Event and the fees and costs incurred to respond to that event. Ironshore assigned claim numbers ENV00143128 and ENV00137861 to Evergreen's claims.

4.3. **The Investigation.** Ironshore has been investigating Evergreen's claims for approximately one year, but has yet to issue a final coverage position. Ironshore has asked Evergreen several questions via letters and emails, and Evergreen has responded to those questions.

4.4. **The New York Choice of Law and Forum Clauses.** The Policy purports to contains clauses requiring coverage disputes to be heard in New York courts and subject to New York law.

4.5. **Ironshore Repeatedly Indicates There Is Coverage, But Has Yet to Provide Any Policy Benefits.** Ironshore has repeatedly acknowledged coverage, writing:

- "[T]his matter appears to fall within the referenced coverage grants [for Disinfection Event Expenses]."

- "Based on the information presently available, Ironshore acknowledges that this incident could trigger Ironshore's coverage obligations under the Disinfection Event coverage part quoted above."

- "As such, we agree that coverage is likely triggered under the policy for Disinfection Expenses. Please be advised that we may potentially provide coverage for the reasonable fees and costs incurred by the Insured to clean and disinfect a Covered Property after any Disinfection Event, provided that such fees and costs are incurred within thirty (30) days of discovery of the Disinfection Event."

Ironshore has not, however, made any payments to Evergreen.

## V. FIRST CLAIM: DECLARATORY JUDGMENT

5.1. **Incorporation by Reference.** Evergreen re-alleges and incorporates by reference the preceding paragraphs.

5.2. **This Case Presents an Actual and Justiciable Controversy.** Evergreen seeks a judgment that the Policy covers the Claims and that Ironshore is responsible for timely and fully paying Evergreen's losses. Evergreen also seeks a judgment that the New York choice of law and forum clauses in the Policy are void *ab initio* pursuant to RCW 48.18.200, *National Frozen Foods Corp. v. Berkley Assurance Co.*, 2017 WL 3781706 (W.D. Wash. 2017), and *Providence Health & Servs. v. Certain Underwriters at Lloyd's London*, 358 F. Supp. 3d 1195 (W.D. Wash. 2019).

## VI. REQUEST FOR RELIEF

6.1. **Declaratory Judgment.** A declaratory judgment in favor of Evergreen that (i) the Policy covers the Claims and that Ironshore is responsible for timely and fully paying Evergreen's losses, and (ii) the choice of law and forums clauses in the Policy are void.

6.2. **Attorney's Fees and Costs of Suit.** For reasonable attorney's fees and costs, including, without limitation, actual attorney's fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.,* 117 Wn.2d 37, 811 P.2d 673 (1991).

6.3. **Other Relief.** Pre-judgment and post-judgment interest, and such other and further relief as the Court deems just, proper, and equitable.

DATED this 30th day of April, 2021.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff EvergreenHealth Monroe

By  *s/ Dale L. Kingman*
     Dale L. Kingman, WSBA #07060
     dkingman@gordontilden.com

By  *s/ Greg D. Pendleton*
     Greg D. Pendleton, WSBA #38361
     gpendleton@gordontilden.com

     600 University Street, Suite 2915
     Seattle, Washington 98101
     206.467.6477